IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF WEST VIRGINIA, BECKLEY DIVISION

BEFORE THE HONORABLE OMAR J. ABOULHOSN, MAGISTRATE JUDGE

---oOo---

UNITED STATES OF AMERICA,

        Plaintiff,
vs.                                          No. 5:19-CR-00247

NATALIE P. COCHRAN,

        Defendant.
_____/

---oOo---

TRANSCRIPT FROM AN ELECTRONIC RECORDING

ARRAIGNMENT AND

DETENTION HEARING (CONTINUED)

MONDAY, SEPTEMBER 30, 2019, 10:00 A.M.

---oOo---

For the Government:    UNITED STATES ATTORNEY'S OFFICE
                            Post Office Box 1713
                            Charleston, West Virginia 25326-1713
                            BY:  KATHLEEN ROBESON
                            Assistant United States Attorney

For the Defendant:     FEDERAL PUBLIC DEFENDER'S OFFICE
                            300 Virginia Street East, Rm 3400
                            Charleston, West Virginia 25301
                            BY:  RHETT H. JOHNSON
                            Assistant Federal Public Defender


Transcribed by:       KATHY L. SWINHART, CSR
                            Court-approved Transcriber
                            (304) 528-2244

Proceedings recorded by electronic sound recording,
transcript produced by computer-aided transcription.

1

1        BECKLEY, WEST VIRGINIA

2        MONDAY, SEPTEMBER 30, 2019, 10:00 A.M.

3                    ---o0o---

4        THE COURT: Good morning. The matter the Court has on

5   the docket this morning is in the matter of the United States

6   of America versus Natalie P. Cochran. It's case No.

7   5:19-CR-0247. We're here for an arraignment and detention

8   hearing.

9        Counsel, please note your appearance for the record.

10       MS. ROBESON: Good morning, Your Honor. Kathleen

11  Robeson representing the United States.

12       THE COURT: Thank you.

13       MR. JOHNSON: Rhett Johnson on behalf of Ms. Cochran.

14       THE COURT: Thank you.

15       Ms. Cochran, would you please stand for me, ma'am, and

16  raise your right hand and take the oath as administered by the

17  clerk?

18            NATALIE P. COCHRAN, DEFENDANT, SWORN

19       THE DEFENDANT: Yes, ma'am.

20       THE COURT: If you could remain standing for me,

21  Ms. Cochran. That's okay.

22       Ms. Cochran, have you received a copy of the

23  indictment in this case?

24       THE DEFENDANT: Yes.

25       THE COURT: Do you understand the indictment and what

```
 1   you're charged with?
 2           THE DEFENDANT:  Yes, sir.
 3           THE COURT:  Have you had the opportunity to discuss
 4   these charges with your attorney?
 5           THE DEFENDANT:  Yes, sir.
 6           THE COURT:  Would you like for me to read the
 7   indictment out loud to you or do you want to waive reading of
 8   the indictment?
 9           THE DEFENDANT:  You can waive reading.
10           THE COURT:  Thank you.
11           As to the charge contained in the indictment, how do
12   you plead, guilty or not guilty?
13           THE DEFENDANT:  Not guilty.
14           THE COURT:  Thank you.
15           Your case has been assigned to District Judge Irene
16   Berger.  Your trial is scheduled for November 4, 2019, at 9
17   o'clock here in Beckley.  There will be hearings on any
18   pretrial motions that are filed that are assigned to me, and
19   that hearing will be held on October 15, 2019, at 10 o'clock
20   here in Beckley as well.
21           Now, you have the right to be present for hearings on
22   pretrial motions.  I assume, Mr. Johnson, she does not wish to
23   give up that right; is that correct?
24           MR. JOHNSON:  She probably would like to waive her
25   right, Your Honor.
```

```
 1                THE DEFENDANT:  I will waive it.
 2                THE COURT:  Okay.  That's fine.  If she wants to waive
 3     her right, she certainly can.
 4                She has the form in front of her?
 5                MR. JOHNSON:  She does, Your Honor.
 6                THE COURT:  All right.  If you want to execute that.
 7           (Brief pause in proceedings.)
 8                MR. JOHNSON:  Your Honor, Ms. Cochran has signed the
 9     waiver, if I may approach.
10                THE COURT:  Sure.  Absolutely.
11                Do you also have the standard discovery requests as
12     well, Mr. Johnson?
13                MR. JOHNSON:  I do not, no.
14                THE COURT:  You haven't seen them?  Okay.
15                MS. ROBESON:  I'm sorry, Your Honor.  I --
16                THE COURT:  Okay.
17                All right.  The record will reflect the Court has
18     received the waiver of the right to be present at the hearings
19     on motions prior to trial.  It's been executed by Ms. Cochran
20     and witnessed by her counsel.  The Court will record that and
21     make that part of the record.
22                You all may be seated at this time.
23                When you have that completed, Mr. Johnson, I need that
24     from you.
25           (Brief pause in proceedings.)
```

1               THE COURT:  All right.  The Court has received the
2     arraignment order and standard discovery requests.  It's been
3     executed by the parties.  The Court is going to file that and
4     make that part of the record.
5               The Court is also going to enter an addendum to that
6     document, and the addendum requires two things.  The first
7     thing is that any superseding indictment should be filed at
8     least 30 days prior to the trial date.  I'll note the
9     government's objection to that.
10              The second portion of the addendum requires that the
11    parties notify the Court of any proposed plea agreement in
12    sufficient time so that a plea hearing can be held no later
13    than one week before trial.  The parties are put on notice
14    that should a proposed plea agreement not be completed, the
15    Court will not entertain a motion to continue the trial based
16    upon the parties not being prepared for trial.  I'll make that
17    part of the record and file that as well.
18              The next thing we'll go into is the continuance of the
19    detention hearing that we started last week.
20              Have the parties received the pretrial services report
21    that has been prepared by the pretrial services department?
22              MS. ROBESON:  Yes, Your Honor.
23              MR. JOHNSON:  Yes, Your Honor.
24              THE COURT:  All right.  Is there any additions or
25    corrections you'd like to make to that report?

1          MS. ROBESON:  No, Your Honor.

2          MR. JOHNSON:  No, Your Honor.

3          THE COURT:  Okay.  So the Court previously conducted a
4    hearing last Thursday, I believe, if I'm not mistaken, in
5    which the Court at that time, based upon the arguments of
6    counsel, the agreements of the parties as well, agreed to
7    release the defendant today on $10,000 unsecured bond with
8    terms and conditions.  Let me go over those terms and
9    conditions at this time.

10         The Court is going to put her in a third party
11   custodian -- put her in the custodianship of her third party
12   custodian, which is going to be her father.  And it's my
13   understanding her father is going to reside with her at her
14   home, but what is the address of that home?

15         Is that -- it's probably in the pretrial services
16   report.  Is that the 433 4H Lake Road?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Okay. All right.  So he'll reside there
19   with you.

20         You must submit to supervision by the probation
21   department immediately.

22         You have to surrender your passport.  It's my
23   understanding in speaking with my pretrial services department
24   this morning that you have surrendered your passport to them.
25   You cannot obtain a passport or other international travel

6

1  documents.  You have to remain in the Southern District of
2  West Virginia.
3        You have to avoid contact directly or indirectly with
4  any person who may be a witness or -- a victim or a witness in
5  this investigation.
6        You have to continue to receive any medical or
7  psychiatric treatment that you're currently on.
8        You cannot possess a firearm or destructive device of
9  any kind.
10       You cannot use alcohol of any kind.
11       You cannot unlawfully possess a narcotic drug or other
12  controlled substances unless it's prescribed by a licensed
13  physician.
14       You have to participate in a program of inpatient or
15  outpatient counseling as directed by your pretrial services
16  officer.
17       You have to participate in the home incarceration, and
18  that is going to be monitored home incarceration, and you'll
19  be required to pay a portion or all of the cost of that
20  incarceration based upon your financial affidavit.
21       You have to report as soon as possible to the pretrial
22  services office any -- every contact with law enforcement
23  personnel, including arrests, questionings or traffic stops.
24       You have to cooperate fully with the probation office,
25  provide truthful answers to all questions that are asked of

1    you by the probation officer.

2            Let me see if there is anything additional.

3            You have to provide third party notification to any

4    current or future employer as it relates to the charges

5    contained in the instant matter as well.

6            Is there any questions about those terms and

7    conditions or any concerns?

8            MR. JOHNSON:  I just note my objection to placing her

9    on electronic home confinement.  I believe that is far greater

10   than necessary to reasonably assure her appearance.

11           THE COURT:  I thought that's what we agreed to last

12   week, counsel.  You were in the courtroom.  I'm going to

13   require it regardless, but I thought that was the

14   understanding last week, and that was the reason we delayed

15   all weekend for her to get on the telephone.  If you objected

16   to it, you didn't object to it last Thursday.

17           MR. JOHNSON:  I apologize, Your Honor.  I thought --

18           THE COURT:  I mean --

19           MR. JOHNSON:  It obviously is preferable to her being

20   incarcerated, but --

21           THE COURT:  Sure, but last week we delayed her release

22   because of that condition.

23           MR. JOHNSON:  I understand that, Your Honor.

24           THE COURT:  Okay.  All right.  Is there anything

25   further to take care of at this time?

1          MS. ROBESON:  Not from the government, Your Honor.
2          THE COURT:  All right.  So -- does she have to go back
3   to the jail to get released?
4          Oh, we do have one other thing to talk about.  I
5   apologize.  But does she have to go back to the jail to get
6   released?
7          THE MARSHAL:  No.
8          THE COURT:  No, sir?  Okay.
9          Yes, sir.
10         MR. JOHNSON:  Your Honor, she would like to be
11  permitted to transport her kids to and from school and their
12  school-related extracurricular activities if the Court would
13  permit her to do so.
14         THE COURT:  I can't permit her to do so.  She's going
15  to be on home confinement.
16         Now here's what we have to figure out.  It's my
17  understanding that they can't hook her up today on home
18  confinement, so her options are two.  One is that she goes
19  from here to Charleston, get hooked up and then drive back
20  today.  Or, two, detain her one more day, and she gets hooked
21  up tomorrow.  I would assume the first option is the better
22  option.
23         MR. JOHNSON:  Yes, sir.
24         THE COURT:  Okay.  So she will be on home de -- home
25  incarceration, so I can't let her drive back and forth to

1   Greenbrier County and back.  She has to remain in home
2   incarceration.
3           Is there anything further to take care of at this
4   time?
5           MR. JOHNSON:  No, Your Honor.
6           THE COURT:  Okay.  So it's going to take me a few
7   minutes to get the paperwork prepared, but I'll let the
8   Marshal Service know when I have it prepared.  She'll have to
9   execute the bond paperwork in the clerk's office and visit
10  with the probation department, and then she'll be released
11  from custody at that point.
12          Is her father in the courtroom?
13          Okay.  So he will transport her directly to the
14  Charleston courthouse to the probation department there to
15  have her hooked up on home detention, home incarceration, and
16  then bring her back home at that time.
17          Is there any questions from anybody?  Any questions
18  from the United States?
19      (Brief pause in proceedings.)
20          MS. ROBESON:  Your Honor, I would just like to ask the
21  Court to go over with the third party custodian to make sure
22  that he's required to report any violations of the law and the
23  bond.  And I apologize if pretrial services has already done
24  this.
25          THE COURT:  That's fine.  Let me ask my pretrial

10

1   services officer.
2           Mr. Gwinn, do you all go over that with him in detail?
3           THE PROBATION OFFICER:  Yes, Your Honor.
4           THE COURT:  Okay.  So I will leave that to the able
5   duties of the probation department, the pretrial services
6   department.  They have a system in place for that, so I'm
7   going to leave that in there.
8           I'm sure if he has any problems with the terms and
9   conditions of the third party custodian, he'll notify the
10  probation officer and let us know, and then we'll address that
11  if we have to.
12          But, Ms. Cochran, let me make sure you understand.
13  When I allow people release on -- or when I put people on
14  release on terms and conditions for home incarceration, those
15  terms and conditions have to be followed to a tee.  I can't
16  allow violations to pile up and what have you.  So I'll hold
17  you strictly to the conditions that I've set forth in here.
18          Okay?  So I'm just giving you fair warning, don't
19  violate the terms and conditions that I've placed you on on
20  this release.  Okay?
21          All right.  If there is nothing further, I'm going to
22  remand her to the custody of the United States Marshal Service
23  for them to do their release procedure.  They'll release her,
24  and I'll get the bond paperwork taken care of.
25          Thank you.  We'll be in recess.

11

1     THE COURT SECURITY OFFICER:  All rise.  This Court is
2  in recess.
3         (Proceedings were adjourned at 10:11 a.m.)
4                        ---o0o---

KATHY L. SWINHART, Official Court Reporter (304) 528-2244

1   CERTIFICATION:
2        I, Kathy L. Swinhart, CSR, court-approved transcriber,
3   certify that the foregoing is a correct transcription from the
4   official electronic sound recording of the proceedings in the
5   above-entitled matter on September 30, 2019.

8   December 3, 2019
    DATE

10  /s/ Kathy L. Swinhart
    KATHY L. SWINHART, CSR