AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of West Virginia

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| NATALIE P. COCHRAN | ) | Case Number: 5:19-CR-00247 |
| | ) | USM Number: 15406-088 |
| | ) | Rhett H. Johnson |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  Six and Eighteen of Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 6/26/2019 | Six |
| 18 U.S.C. § 1957 | Unlawful Monetary Transaction | 4/23/2019 | Eighteen |

REC'D USMS CHARLESTON, WV
APR 1 2021 PM 1:54

The defendant is sentenced as provided in pages 2 through  9  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  1-5, 7-17, and 19-26   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 18, 2021
Date of Imposition of Judgment

*Frank W. Volk* (signature)
Frank W. Volk
United States District Judge

March 30, 2021
Date

A TRUE COPY CERTIFIED ON 3/30/2021
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia
By S/ L. Richmond, Deputy

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __9__

DEFENDANT: NATALIE P. COCHRAN
CASE NUMBER: 5:19-CR-00247

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
135 months on Count Six and 120 months on Count Eighteen to be served concurrently for a total term of 135 months.

☑ The court makes the following recommendations to the Bureau of Prisons:
(1) The Defendant should be incarcerated at FCI Alderson; and (2) a full physical and mental evaluation should be performed upon intake along with any necessary treatment.

☐ The defendant is remanded to the custody of the United States Marshal.

The Defendant shall surrender on the earlier of the following two dates:
☐ The defendant shall surrender to the United States Marshal for this district:
   ☑ at   09:00   ☑ a.m.   ☐ p.m.   on   5/1/2021  .
   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☑ before 2 p.m. on   the date designated by the BOP  .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

FILED
JUN 2 2021
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

I have executed this judgment as follows:

Defendant delivered on   05/01/2021   to   SFF Hazelton   at   Bruceton Mills, WV  , with a certified copy of this judgment.

P. Adams, Warden
UNITED STATES MARSHAL

By   B. Ashley / B. Ashley, CSO
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 9

DEFENDANT: NATALIE P. COCHRAN
CASE NUMBER: 5:19-CR-00247

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three (3) years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
              Sheet 3A — Supervised Release

Judgment—Page **4** of **9**

DEFENDANT: NATALIE P. COCHRAN
CASE NUMBER: 5:19-CR-00247

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 5 of 9

DEFENDANT: NATALIE P. COCHRAN
CASE NUMBER: 5:19-CR-00247

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. In addition, the Defendant shall comply with the Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3, as follows:

1) If the defendant is unemployed, the probation officer may direct the defendant to register and remain active with Workforce West Virginia.
2) A term of community service is imposed on every defendant on supervised release or probation. Fifty hours of community service is imposed on every defendant for each year the defendant is on supervised release or probation. The obligation for community service is waived if the defendant remains fully employed or actively seeks such employment throughout the year. Specifically, the Court suspends this requirement so as long as the defendant is engaged in gainful employment.
3) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers), and shall reside in residence free from such items.
4) The defendant shall not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids, or other designer stimulants.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 6 of 9

DEFENDANT: NATALIE P. COCHRAN
CASE NUMBER: 5:19-CR-00247

## SPECIAL CONDITIONS OF SUPERVISION

1) In the event the defendant is not a resident of this district, the period of supervised release is to be administered by the district where the defendant is a legal resident and/or the district where a suitable release plan is developed.
Justification: There is uncertainty of the defendant's residence following her release from imprisonment.

2) The defendant must participate in a mental health treatment program and follow the rules and regulations of the program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.
Justification: The defendant has an identified mental health history that includes an attempted suicide in March 2019.

3) You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.
Justification: The defendant's conviction is of a financial nature, and restitution is appropriate. This condition is necessary for the probation office to effect restitution.

4) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.
Justification: The defendant's conviction is of a financial nature, and restitution is appropriate. This condition is necessary for the probation office to effect restitution.

5) You shall apply all monies received from income tax refunds, lottery winnings, judgments, and any other anticipated or unanticipated financial gains to any outstanding Court imposed monetary obligations.
Justification: The defendant's conviction is of a financial nature, and restitution is appropriate. This condition is necessary for the probation office to effect restitution.

6) The defendant shall cooperate with the IRS with regard to any civil audit of her personal and business taxes and shall file all tax returns and amended tax returns as required.
Justification: The defendant's conviction is of a financial nature, and restitution is appropriate. This condition is necessary for the probation office to effect restitution.

7) You shall pay restitution in the amount of $2,567,838.53, with interest as allowed by law, to the fullest extent financially feasible. The defendant shall pay restitution during any term of incarceration through participation in the Bureau of Prisons' Inmate Financial Responsibility Program in quarterly installments of $25, with any balance to be paid through monthly installments of no less than $500.00 during a term of supervised release with the first installment to be paid within 60 days of release from incarceration, until the full amount has been paid. Payments shall be paid to the Clerk of the Court at the following address: United States District Clerk's Office, 110 North Heber Street, Suite 119, Beckley, West Virginia.
Justification: The defendant's conviction is of a financial nature, and restitution is appropriate. This condition is necessary for the probation office to effect restitution.

8) The defendant shall make third party risk notification to her current or any future employer while on supervised release or probation.
Justification: The defendant's conviction is of a financial nature, and restitution is appropriate. This condition is necessary for the probation office to effect restitution.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 9

DEFENDANT: NATALIE P. COCHRAN
CASE NUMBER: 5:19-CR-00247

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 2,567,838.53 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Edward and Donna Bolt | $245,360.69 | $245,360.69 | |
| Wendy and John Poteat | $117,814.34 | $117,814.34 | |
| Lacy and Thomas Treadway | $28,151.50 | $28,151.50 | |
| Charles Hawley | $317,772.00 | $317,772.00 | |
| Frank Steven Maynard | $86,526.00 | $86,526.00 | |
| Kevin Bailey | $688,981.00 | $688,981.00 | |
| Hauling Reorganization, III, LLC- Managers | $424,715.00 | $424,715.00 | |
| Thomas Miller and Teddy Gray | | | |
| Jonathan Miller and Jessica Miller | $73,867.00 | $73,867.00 | |
| John and Stephanie Hamilton | $4,160.00 | $4,160.00 | |
| TOTALS | $ 2,567,838.53 | $ 2,567,838.53 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 5:19-cr-00247   Document 130   Filed 06/02/21   Page 8 of 9 PageID #: 896
Case 5:19-cr-00247   Document 90   Filed 03/30/21   Page 8 of 9 PageID #: 528

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
    Sheet 5B — Criminal Monetary Penalties

Judgment—Page 8 of 9

DEFENDANT: NATALIE P. COCHRAN
CASE NUMBER: 5:19-CR-00247

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Dan Foley | $50,000.00 | $50,000.00 | |
| Premier Bank Loan | $250,000.00 | $250,000.00 | |
| First Community Bank Loan - Vehicle | $15,791.00 | $15,791.00 | |
| AJ Equity Group | $8,584.00 | $8,584.00 | |
| Funding Metrics, LLC | $2,116.00 | $2,116.00 | |
| Last Chance Funding | $254,000.00 | $254,000.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: NATALIE P. COCHRAN
CASE NUMBER: 5:19-CR-00247

Judgment — Page 9 of 9

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ 200.00 due immediately, balance due

☐ not later than _____, or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☑ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☑ Payment in equal monthly (e.g., weekly, monthly, quarterly) installments of $ 500.00 over a period of years (e.g., months or years), to commence 60 days (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:
If not paid immediately, the Defendant shall pay the monetary penalties while incarcerated through participation in the Inmate Financial Responsibility Program by paying quarterly installments of $25.00 each. The full amount of the special assessment was paid on September 21, 2020. [Doc. 58].

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
As stated in paragraph six (6) of the plea agreement.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.