# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY

UNITED STATES OF AMERICA,

v.                                                                 Criminal Action No. 5:19-cr-00247

NATALIE P. COCHRAN,

and

UNITED STATES OF AMERICA,

                     Plaintiff,       Civil Action No. 5:19-cv-00537

v.

REAL PROPERTY SITUATED AT
433 4-H LAKE DRIVE, DANIELS,
RALEIGH COUNTY, WEST VIRGINIA,

REAL PROPERTY SITUATED AT
219 N. EISENHOWER DRIVE, BECKLEY,
RALEIGH COUNTY, WEST VIRGINIA,

And

REAL PROPERTY SITUATED AT
210 PARKWOOD DRIVE, BECKLEY,
RALEIGH COUNTY, WEST VIRGINIA,

                     Defendants.

### JOINT MOTION TO SELL REAL PROPERTY SITUATED AT
### 433 4-H LAKE DRIVE, DANIELS, RALEIGH COUNTY, WEST VIRGINIA

The United States of America, by Kathleen E. Robeson, Assistant United States Attorney for the Southern District of West Virginia, First Community Bank ("FCB"), by counsel, Bowles Rice LLP, the Chapter 7 Trustee, by counsel, Brian Blickenstaff[1], and Larry Jessup, by counsel, Chip Williams, hereby jointly move this Court for authorization to sell real property located at 433 4-H Lake Drive, Daniels, West Virginia ("Subject Real Property"). In support of this joint motion, the parties state as follows:

### Procedural Background

1. On July 23, 2019, the United States filed a Civil Forfeiture Complaint in the Southern District of West Virginia, Case No. 5:19-cv-00537, against the Subject Real Property (the "companion civil forfeiture case").

2. On July 24, 2019, the United States also obtained a Protective Order which prevented Ms. Cochran from entering any agreement to sell, assign, pledge, distribute, give away or otherwise encumber the Subject Real Property.

3. On July 24, 2019, Ms. Cochran filed for Chapter 7 Bankruptcy Protection of the United States Bankruptcy Court for the Southern District of West Virginia.

4. On August 9, 2019, Robert L. Johns (the "Trustee") was appointed as Chapter 7 Trustee.

5. On September 24, 2019, Ms. Cochran moved to stay the companion civil forfeiture case against the Subject Real Property.[2]

---

[1] John Carr, the appointed guardian ad litem for Natalie Cochran's minor children, will respond to this joint motion by separate response.

[2] The stay in the civil companion case was lifted on November 2, 2021.

6. On September 25, 2019, a 26-count federal indictment (the "Indictment") was returned against Ms. Cochran.

7. On September 21, 2020, Ms. Cochran entered a guilty plea to one count of wire fraud (Count Six of the Indictment) and one count of money laundering (Count Eighteen of the Indictment). Ms. Cochran agreed to forfeit her interest in the Subject Real Property through her plea agreement.

8. On December 3, 2020, this Court entered a Preliminary Order of Forfeiture forfeiting Ms. Cochran's interest in the Subject Real Property.

9. On May 30, 2021, Ms. Cochran was sentenced to a term of imprisonment by this Court.

10. Ms. Cochran is currently incarcerated and her parents, the Jessups, reside at the Subject Real Property.

11. On July 19, 2021, Ms. Cochran filed an appeal with the Fourth Circuit Court of Appeals. Ms. Cochran's brief did not contest the preliminary order of forfeiture nor her underlying convictions.

12. On August 2, 2021, United States Bankruptcy Judge Paul Black, the bankruptcy judge overseeing Ms. Cochran's bankruptcy case, entered the agreed order resolving First Community Bank's Motion for Relief from Stay.

13. On August 17, 2021, the United States of America, First Community Bank, and Chapter 7 Trustee filed a Joint Motion for Interlocutory Sale of Property seeking to sell the Subject Real Property.

14. On October 8, 2021, Ms. Cochran's appeal was dismissed by the Fourth Circuit Court of Appeals.

15.     In November of 2022, Natalie Cochran was indicted on a first-degree murder charge, and is accused of murdering her husband, Michael Cochran.

16.     On February 11, 2022, this Court held a status hearing to discuss the matters pending in the present actions.

17.     Following the hearing, and as a result of the first-degree murder indictment, this Court appointed John A. Carr as guardian ad litem to Natalie Cochran's minor children, to make recommendations to the Court regarding the ownership interest of the forfeited assets and other issues raised at the hearing as they relate to the minor children's interest, including the Subject Real Property.

**Interests in the Subject Real Property**

18.     In 2006, Michael B. Cochran and Natalie P. Cochran obtained title to the Subject Real Property, as joint tenants with rights of survivorship. [*See* Deed, attached as Ex. 1.]

19.     On or around November 24, 2010, FCB made a loan to Natalie Cochran and Michael B. Cochran in the amount of $308,750.00 (the "Loan").

20.     The Loan is evidenced by that certain Promissory Note (the "Note"), dated November 24, 2010, in the principal amount of $308,750.00, together with all modifications of and renewals, replacements, and substitutions for the Note.

21.     The Note is secured by that certain Deed of Trust recorded in the Office of the Clerk of the County Commission of Raleigh County, West Virginia at Book 5041, page 7911 (the "Deed of Trust"), covering real property commonly known as 433 4H Lake Road, Daniels, West Virginia 25831, i.e., the Subject Real Property herein.

22.     The payoff under the Note as of June 22, 2022, was $299,549.79, which includes principal in the amount of $258,998.00, accrued interest in the amount of $28,152.67, late fees in

the amount of $481.24, force placed insurance premiums in the amount of $7,769.94, and real estate taxes advanced in the amount of $4,147.94. Interest continues to accrue at the rate of $26.97895 per day.

23. By virtue of the Plea Agreement, Natalie Cochran agreed to relinquish her interest in the Real Property.

24. Upon information and belief, the Real Property is valued at $334,000.00 and therefore limited equity exists in the Real Property.

25. In addition to the Real Property, FCB has an interest in funds seized from an FCB bank account ending in 6739. At the time of seizure, the balance of this account was $44,935.01, and contained proceeds from Motion Auto Sales for the purchase of a 2014 GMC Denali, VIN# 1GT426E84EF169794. $15,715.66 of the purchase price ("Vehicle Proceeds") was designated to pay off a loan and release FCB's lien on the title. As part of this agreement, FCB will agree to receive its pro rata distribution of $7,515.66.[3]

### Request to Sell the Subject Real Property to Larry Jessup

26. On May 2, 2022, Larry Jessup submitted an offer to purchase the Subject Real Property for $315,000.00. [*See* Offer to Purchase Real Estate, attached as Ex. 2.]

27. The parties herein agree to move forward with sale of the Subject Real Property to Larry Jessup, provided that Natalie Cochran's minor children are granted survivorship rights to the Subject Real Property.

28. Pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, at any time prior to the Final Order of Forfeiture, this Court may order the interlocutory sale of a property alleged to be forfeitable.

---

[3] FCB received a payment which reduced the amount to $7,500.00.

29. Supplemental Rule G(7)(b) provides that a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met. Among other things, the sale may be ordered if the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; the property is subject to mortgage or taxes for which the owner is in default; or the court "finds other good cause." If the sale is uncontested, the parties may agree to the procedures and conditions of the sale. Rule G(7)(b)(iii).

30. Here, all of the parties known to have a recorded interest in the Subject Real Property have agreed to this joint motion.

31. The interlocutory sale will permit the parties to maximize the value of the Subject Real Property and avoid further depreciation of this asset. As all of the parties are in agreement regarding the necessity of a sale it would be in the interests of justice for the Court to order the interlocutory sale of the Subject Real Property.

32. The United States also moves the Court to lift the Protective Order previously filed by the United States against the Subject Real Property in the companion civil forfeiture case in order to allow the interlocutory sale to occur.

## Conditions of the Interlocutory Sale

33. Unless all interested parties consent to the sale, the interlocutory sale of property in a civil forfeiture case must comply with the provisions of 28 U.S.C. §§ 2001, 2002. Supp. Admiralty Rule G(7)(b)(iii). These statutes provide procedural safeguards to ensure that court-ordered sales are made on terms that best preserve the parties' interests. Section 2001(a) authorizes the public sales of property and sales by court-appointed receivers. Generally, the public sale of property must take place on the courthouse steps and does not permit the government to recover

the true value of the property. Section 2001(b) permits private sales of property for cash or other consideration after a hearing of which notice to all interested parties shall be given by publication, or as otherwise directed by the court.

34. By this motion, the Parties are requesting authorization to proceed with a private sale of the Subject Real Property pursuant to Supp. Admiralty Rule G(7)(b) and 28 U.S.C. §§ 2001(b) and 2004 and to provide all interested parties notice as directed by this Court. Based upon the reasons set forth herein, the Parties believe that a prompt sale of the Subject Real Property offers the best protection to all concerned.

35. The parties have agreed that an interlocutory sale of the Subject Real Property is in their mutual interest and plan to agree on the terms of such a sale. A motion delineating the terms and conditions of the sale will be filed with the United States Bankruptcy Court ("Motion to Sell") pursuant to 11 U.S.C. § 363 and the Trustee shall disburse the sale proceeds pursuant to the United States Bankruptcy Code. Further, the parties will file a simultaneous motion outlining the terms and conditions of the interlocutory sale for this Court's approval as well.

36. At the time of the closing of the sale of the Subject Real Property and pursuant to the United States and Trustee coordination agreement, the Trustee shall deduct from the sale proceeds reasonable and statutory fees and costs incurred relating to the sale until the date of the sale of the Subject Real Property. At the time of the closing of the sale of the Subject Real Property, First Community Bank shall receive payment of the sale proceeds, after deducting the aforementioned reasonable and statutory fees and costs on Ms. Cochran's obligation under the Note from the sales proceeds of the Subject Real Property.

37. To the extent the sale proceeds exceed full payoff of Ms. Cochran's obligation under the Note, the excess proceeds of the sale shall be deposited in an interest-bearing account

maintained by the United States pending the conclusion of the forfeiture action and shall be administered pursuant to the coordination agreement[4] between the United States and Chapter 7 Trustee. Accordingly, the excess proceeds of the sale, plus the accrued interest, will remain available for return to any person who files a claim to the Subject Real Property and prevails.

WHEREFORE, the Parties move that the Court enter an Order granting its motion for an interlocutory sale pursuant to Rule 32.2(b)(7).

Jointly Submitted,

/s/Kathleen Robeson
Kathleen Robeson
Assistant United States Attorney
VA Bar No. 89526
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
Email: Kathleen.robeson@usdoj.gov


/s/ Brian Blickenstaff
Robert L. Johns (WVSB #5161)
Brian R. Blickenstaff (WVSB #9449)
TURNER & JOHNS, PLLC
808 Greenbrier Street
Charleston, West Virginia 25311
Telephone:  (304) 720-2300
Facsimile:   (304) 720-2311
E-mail:      rjohns@turnerjohns.com
E-mail:      bblickenstaff@turnerjohns.com
*Counsel for Chapter 7 Trustee*

---

[4] The coordination agreement is pending for approval by this Court.

/s/ Zachary Rosencrance
Julia A. Chincheck (WVSB #718)
Zachary J. Rosencrance (WVSB #13040)
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
Telephone:  (304) 347-1100
Facsimile:   (304) 343-3058
E-mail:     jchincheck@bowlesrice.com
E-mail:     zrosencrance@bowlesrice.com
*Counsel for First Community Bank*


/s/ Chip E. Williams
Chip E. Williams (WVSB #8116)
PULLIN, FOWLER, FLANAGAN, BROWN & POE PLLC
252 George Street
Beckley, West Virginia 25801
E-mail:  cwilliams@pffwv.com
*Counsel for Larry Jessup*

13779358.1

*Return to: Clyde A. Smith*

```
                                    BETTY RIFFE
                                    RALEIGH County  10:37:04 AM
                                    Instrument No 50219018
                                    Recorded Date 04/20/2006
                                    Document Type DEED
                                    Book-Page      5021-9018
                                    Rec/Add Fee    10.00  1.00
                                    Transfer Tax   1113.20
```

# DEED

**THIS DEED**, Made this 13th day of April, 2006, by and between **JOHN W. HOLLIDAY and AUDREY J. HOLLIDAY**, Grantors, and **MICHAEL B. COCHRAN and NATALIE P. COCHRAN, as Joint Tenants with rights of survivorship**, Grantees:

## WITNESSETH:

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable consideration not herein set forth, the receipt and sufficiency of which is hereby acknowledged, the said Grantors do hereby grant and convey with covenants of GENERAL WARRANTY of Title, unto the said Grantees, as Joint Tenants with rights of survivorship, the whole to the survivor thereof that certain tract of land situate in Shady Spring District, Raleigh County, West Virginia, and being more particularly bounded and described as follows:

> Beginning at a rebar (found), along the right of way of West Virginia County Route No. 19/15, being the common corner of the Wilson tract of land (MR66- PG557), and Lot A of the Lester Addition; thence leaving the said road and with the boundary line of Lester Addition: N 25 29' 00" W 561.42' to a corner post (found), being a corner of the David C. & Joyce P. Shamblin (726-430) part of Lot No. 3 of the Lester Addition; thence with the boundary line of the said Shamblin parcel of land; N 73 36' 22" E 306.72' to a corner post (found), a corner of the said Wilson tract of land at a 40' right of ; thence with five (5) new lines through the Eric o. & Susan K. Wilson tract of land; S 21 40' 10", E 356.95 ' to a fence post, a new corner, thence; S 64 24' 43" E 38.62' to a fence post, a new corner, thence; S 69 45 '04" E 71.95 to a fence post, a new corner, thence; S 55 47' 01" F 55.73 'to a fence post, a new corner, thence; S 47 35 '33" E 40.49' to a rebar (set), a new corner, at the right of way of West Virginia County Route No. 19/15; thence with the right of way of West Virginia County Route No. 19/15; 5 66 01' 00" W 397.09' to the point of beginning, containing 3.83 1 acres, more or less. Said Parcel "A" being more particularly shown on that certain map entitled "Map Showing the Partition of the Property of Eric o. Wilson and Susan K. Wilson Being Parcels "A" & "B", Containing 5.983 Acres, Located Along WV County Route No. 19/15, at Daniels, Shady Spring District-Raleigh County-West Virginia, Scale: 1"- 50"dated August 21,2001, prepared by Roy Shrewsbury, II, WV PS #676SU, ESI, Inc. 119 Appalachian Drive, Beckley, WV 25801. Said map being attached to and made a part of that certain deed from Susan K. Wilson to Eric o. Wilson, dated August 23, 2001.

And being the same property conveyed to John W. Holliday and Audrey J. Holliday by Deed dated June 25, 2004 from Horton Homes, Inc., which said deed is recorded in the Office of the Clerk of the County Commission of Raleigh County, West Virginia in Book 5013 at Page 9738.

This Deed is made and accepted subject to all reservations, exceptions, stipulations, conditions, and easements heretofore made or granted by all predecessors in title to the real

**EXHIBIT 1**

estate herein conveyed, except any pertaining to race, color or creed.

The current land book listing for the year 2005 is in the name of "John W. Holliday and Audrey J. Holliday" and is shown on Tax Map 13 at Parcel 32.3, Assessors Account Number is 07037020.

The mailing address of Michael Cochran and Michael Cochran, the new owners, is P.O. Box 782 Daniels WV 25832.

The undersigned hereby declare that the consideration being paid for the real estate herein conveyed is $252,900.00.

WITNESS the following signatures:.

_____
JOHN W. HOLLIDAY

_____
AUDREY J. HOLLIDAY

STATE OF Florida,

COUNTY OF Bay, TO-WIT:

I, Catherine J Lands, a Notary Public in and for said county and state, do hereby certify that **JOHN W. HOLLIDAY and AUDREY J. HOLLIDAY**, whose names are signed to the foregoing writing, bearing date the 13th day of April, 2006 have this day acknowledged the same before me in my said county and state.

Given under my hand this 13th day of April, 2006.

My Commission Expires:_____

CATHERINE J. LANDS
MY COMMISSION # DD 177477
EXPIRES: January 14, 2007
Bonded Thru Notary Public Underwriters

_____
Notary Public

This Instrument Prepared by:

Clyde A. Smith, Jr.
**ROOP, SMITH & ROOP, P.L.L.C.**
Attorneys-at-Law
109 East Main Street
Beckley, West Virginia 25801
(304)255-7667

## OFFER TO PURCHASE REAL ESTATE

     I, Larry Jessup, hereby submit an offer in the amount of Three Hundred Fifteen Thousand Dollars ($315,000.00) to purchase the real estate situate at 433 4-H Lake Road, Daniels, Raleigh County, West Virginia, owned by Natalie Cochran and Michael Cochran.  I have already secured a loan with First Community Bank to purchase the aforesaid real estate.

     Dated this 2nd day of May, 2022.

                                           *s/s Larry Jessup*
                                           Larry Jessup
                                           Post Office Box 246
                                           Daniels, West Virginia 25832
                                           Phone: (304) 719-8962

**EXHIBIT 2**