IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO:   5:19-cr-00247

NATALIE P. COCHRAN

AND

UNITED STATES OF AMERICA

v.                                                     CASE NO:   5:19-cv-00537

REAL PROPERTY SITUATED AT
433 4-H LAKE DRIVE, DANIELS,
RALEIGH COUNTY, WEST VIRGINIA
*together with all improvements, fixtures,
and appurtenances thereon, and all leases,
rents, and profits derived therefrom;*

REAL PROPERTY SITUATED AT
219 N. EISENHOWER DRIVE, BECKLEY
RALEIGH COUNTY, WEST VIRGINIA
*together with all improvements, fixtures,
and appurtenances thereon, and all leases,
rents, and profits derived therefrom;*

and

REAL PROPERTY SITUATED AT
210 PARKWOOD DRIVE, BECKLEY
RALEIGH COUNTY, WEST VIRGINIA
*together with all improvements, fixtures,
and appurtenances thereon, and all leases,
rents, and profits derived therefrom*

1

**RESPONSE TO JOINT MOTION TO SELL REAL PROPERTY SITUATED AT
433 4-H DRIVE, DANILES, RALIEGH COUNTY, WEST VIRGINIA**

On February 15, 2022, this Court appointed Counsel as guardian ad litem for **N.C.**
and **A.C.**, the minor children of Natalie Cochran, to make recommendations to the Court
regarding the ownership interest of the forfeited assets and other issues raised at the hearing
on February 11, 2022, as they relate to the minor children's interest. (Doc. #174).

As the guardian as litem, Counsel has reviewed the transcript of the February 11, 2022,
hearing. Counsel has also spoken the parties, and sought to ascertain the desires and wishes of
the two minor children of Natalie Cochran.

Counsel is of the conclusion that the Joint Motion is in the best interest of the two
minor children and should be granted.

The parties have submitted to the Court a Joint Motion to Sell the Real Property
Situated at 433 4-H Drive, Daniels, Raleigh County, West Virginia. (Doc. #199).

In the Joint Motion, the parties review the procedural history of the case and the facts
relevant to the disposition of the identified real property.

As detailed in the Joint Motion, title to the property was obtained in 2006 by Michael B.
Cochran and Natalie P. Cochran. (Doc. #199, para. 18). Payoff on the Note as of June 22,
2022, was $299, 549.79, including interest, late fees, interest, insurance premiums, and real estate
taxes. (Doc. #199, para. 22). The value of the property is estimated to be $344,000.00. (Doc.
#199, para. 24).

The Joint Motion summarizes the agreement of the parties, subject to the proposed
terms outlined in the agreement, to allow Larry Jessup to purchase the property for
$315,000.00. (Doc. #199, para. 26).

Importantly, the agreement provides that such a sale of the property would be subject
to the minor children being granted rights of survivorship. (Doc. #199, para. 27). Such a term

is consistent with the wishes of the minors and significantly protects their desired wishes to remain in, and in the future to return to, the only home they have really known.

It is Counsel's opinion that the parties are correct in the statements made in paragraph 31 of Doc. 199. The interlocutory sale will permit the parties to maximize the value of the property and avoid further depreciation of the asset. Further, the sale would be in the interest of justice.

While there may be some argument concerning the possible interests in the property given the pending charge against Natalie Cochran, Counsel finds those arguments to be speculative at best given the unresolved nature of the state case.

For the forgoing reasons, Counsel, as the guardian ad litem for **N.C.** and **A.C.**, the minor children of Natalie Cochran, recommends that the Court grant the Joint Motion, subject to the terms and conditions listed. (Doc. #199).

s/ John A. Carr
John A. Carr, Esq. (WVSB #10461)
John A. Carr Attorney at Law, PLLC
179 Summers Street, Ste 209
Charleston, WV 25301
304-344-4822
E-mail: jcarr@jcarrlaw.com