# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

UNITED STATES OF AMERICA,

v.                                                    CRIMINAL ACTION NO. 5:19-cr-00247

NATALIE P. COCHRAN.

--

UNITED STATES OF AMERICA,

                              Plaintiff,

v.                                                    CIVIL ACTION NO. 5:19-cv-00537

REAL PROPERTY SITUATED AT
433 4-H LAKE DRIVE, DANIELS,
RALEIGH COUNTY, WEST VIRGINIA,
*together with all improvements, fixtures,
and appurtenances thereon, and all leases,
rents, and profits derived therefrom*;

REAL PROPERTY SITUATED AT
219 N. EISENHOWER DRIVE, BECKLEY,
RALEIGH COUNTY, WEST VIRGINIA,
*together with all improvements, fixtures,
and appurtenances thereon, and all leases,
rents, and profits derived therefrom*; and

REAL PROPERTY SITUATED AT
210 PARKWOOD DRIVE, BECKLEY,
RALEIGH COUNTY, WEST VIRGINIA,
*together with all improvements, fixtures,
and appurtenances thereon, and all leases,
rents, and profits derived therefrom*,

                              Defendants.

**ORDER**

On June 13, 2023, the Court entered the proposed coordination agreement between the Government and Robert L. Johns, the Chapter 7 Trustee for the bankruptcy estate of Defendant Natalie P. Cochran. [Doc. 252]. Prior to entry of that agreement, Larry Ray Jessup, an interested party, filed a *pro se* response, which the Court construes as an objection. [Doc. 230]. In that same filing, Mr. Jessup raises concerns regarding notice of hearings and seeks relief on behalf of Ms. Cochran and her children. *Id.*

As an initial matter, Mr. Jessup has no authority to represent the interests of Ms. Cochran or her children. *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 243 (4th Cir. 2020) ("The right to litigate for oneself . . . does not create a coordinate right to litigate for others." (quoting *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (citation omitted))). Moreover, with respect to notice of hearings, despite the docket reflecting that Mr. Jessup continues to be represented by counsel, throughout this case, he has often proceeded *pro se*. This discrepancy likely explains any lack of notice experienced by Mr. Jessup. To resolve this issue, the Court **DIRECTS** the Clerk to provide this Order to Mr. Jessup personally and **NOTIFIES** Mr. Jessup that to receive future orders he must move to represent himself *pro se*.

Turning to Mr. Jessup's substantive concerns, he requests that his previously submitted letters be considered as objections to the sale of the real property situated at 433 4-H Lake Drive, Daniels, Raleigh County, West Virginia, which the Court construes as an objection to entry of the coordination agreement. [Doc. 230]. While Mr. Jessup fails to identify the precise letters he is relying upon, he appears to be referring to his petition asserting an interest in the forfeited property and other related documents. [Docs. 132, 138, 147]. In that petition and the related documents, Mr. Jessup claims an interest in certain property and chronicles several loans

or investments related to Ms. Cochran and her companies, Technology Management Solutions, LLC ("TMS"), and Tactical Solutions Group, LLC ("TSG"). [Docs. 132, 138, 147]. The Government disputes Mr. Jessup's claims and contends that he lacks standing to proceed with his petition. [Docs. 137, 146].

Pursuant to 21 U.S.C. § 853(n)(2), "[a]ny person . . . asserting a legal interest in property which has been ordered forfeited . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest." The petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). Section 853, however, "requires more than a showing of a legal interest in the debtor's property. *It requires that the interest exist in the property subject to forfeiture.*" *United States v. Schecter*, 251 F.3d 490, 496 (4th Cir. 2001) (emphasis in original) (quoting *United States v. Reckmeyer*, 836 F.2d 200, 205-06 (4th Cir. 1987)). As a consequence, "[t]his second hurdle may well prove fatal to the claims of a number of general creditors" because "[a]lthough general creditors can claim an interest in their debtor's estates, they cannot claim an interest in any particular asset that makes up that estate."[1] *Id.*

Mr. Jessup's petition only mentions two pieces of property that were ordered forfeited to the Government: (1) the $44,935.01 check for all funds within the First Community Bank account ending in 6739 held in the name of TSG, and (2) the 1965 Shelby Cobra Replica, VIN: AE9BMAAH8H1MT1098.[2] [Docs. 69, 132 at 3-11]. His other claims in the petition relate

---

[1] An unsecured creditor may retain a legal interest in the debtor's estate when the entire estate has been forfeited. *Reckmeyer*, 836 F.2d at 205-06; *United States v. Cox*, 575 F.3d 352, 356 (4th Cir. 2009). That is not the case here as only certain items are mentioned in the Preliminary Order of Forfeiture. [Doc. 69].

[2] Mr. Jessup also mentions negotiations with the Government regarding seized firearms.

to alleged loans or investments associated with TSG. [Doc. 132]. But as the Government notes, Mr. Jessup fails to explain how such transactions create an interest in the specific property subject to forfeiture. Accordingly, the Court examines the two specific pieces of property ordered forfeited.

Mr. Jessup first asserts that he borrowed money to assist TSG and that the Shelby Cobra served as collateral on the loan. [Doc. 132 at 3]. He subsequently sold his home in order to repay that loan and now claims an interest in the vehicle. *Id.* But Mr. Jessup never explains how he allegedly possesses a legal interest in the property. He never asserts for example that he holds title to or a lien against the Shelby Cobra. In fact, the title to the vehicle lists Ms. Cochran and her deceased husband as the owners. [Doc. 147 at 3]. As to the First Community Bank account, Mr. Jessup alleges that he cosigned a loan for TMS. *Id.* In an attempt to repay that loan, the proceeds from the sale of a truck were used. *Id.* However, following the seizure of Ms. Cochran's assets, the proceeds were returned, and Mr. Jessup remained liable on the loan as the cosignatory. *Id.* But again, Mr. Jessup fails to identify a legal interest in the First Community Bank account.

In both of these situations, Mr. Jessup has at best alleged that he is an unsecured creditor against Ms. Cochran and her companies. Section 853, however, "requires that the interest exist in the property *subject to forfeiture*." *Schecter*, 251 F.3d at 496 (emphasis changed) (quoting *Reckmeyer*, 836 F.2d at 205-06). And "[a]lthough general creditors can claim an interest in their debtor's estates, they cannot claim an interest in any particular asset that makes up that estate." *Id.* Consequently, inasmuch as Mr. Jessup cannot assert a legal interest in any of the property ordered forfeited, he lacks standing to file his petition. The Court therefore **OVERRULES** his objection

---

[Doc. 147]. It is unclear whether Mr. Jessup seeks to pursue those firearms in this proceeding, but in any event, he has not provided sufficient evidence for the Court to consider that claim.

to entry of the coordination agreement and further **DISMISSES** his petition.

        The Court **DIRECTS** the Clerk to transmit a copy of this Order to counsel of record, Larry Ray Jessup, and any unrepresented party.

        ENTER:      August 2, 2023

Frank W. Volk
United States District Judge