# Exhibit I

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

NATALIE PAIGE COCHRAN,

Debtor.

Case No. 19-50122
Chapter 7

## AGREED ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN REAL PROPERTY AT PUBLIC AUCTION FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

This day appeared Robert L. Johns, Chapter 7 Trustee of the bankruptcy estate of Natalie Page Cochran (the "Trustee"), on his motion to sell real estate of the bankruptcy estate; and the Court having reviewed and considered the Motion, declarations and other evidence submitted in support thereof, and upon the record of the hearing to consider the motion having been given; and the Court having determined that the relief requested in the Motion is in the best interests of the estate; and good and sufficient appearing therefore.

The Court hereby **FINDS** and **DETERMINES** that:

**I. Jurisdiction, Final Order and Statutory Predicates**

1. This Court has jurisdiction to hear and determine the Motion and to grant relief pursuant to pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Notwithstanding Bankruptcy Rules 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

3. The statutory predicates for the relief requested in the Motion are sections 105(a), 363(b), (f), and (m), Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), and (h), and 9007 and 9014, and Local Rule 6004-1 and 9013-1.

4. The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusion of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding pursuant to Bankruptcy Rule 9014.

5. To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are hereby adopted as such. Any findings of fact or conclusion of law stated by the Court on the record at the Sale Hearing are incorporated, to the extent they are not inconsistent herewith.

**II. Notice of the Sale and Auction**

6. Actual written notice of the Sale Hearing, the Auction, the Motion, and Sale was provided to creditors and interested parties and they had a reasonable opportunity to object and be heard with respect to the Motion and relief requested therein, and the right to submit higher or otherwise better offers for the property located at 433 4-H Lake Drive, Beckley, West Virginia 25801, and having a legal description as follows:

> Beginning at a rebar (found), along the right of way of West Virginia County Route No. 19/15, being the common corner of the Wilson tract of land (MR66-PG557), and Lot A of the Lester Addition; thence leaving the said road and with the boundary line of Lester Addition: N 25 29' 00" W 561.42' to a corner post (found), being a corner of the David C. & Joyce P. Shamblin (726-430) part of Lot

No. 3 of the Lester Addition; thence with the boundary line of the said Shamblin parcel of land; N 73 36' 22" E 306.72' to a corner post (found), a corner of the said Wilson tract of land at a 40' right of ; thence with five (5) new lines through the Eric O. & Susan K. Wilson tract of land; S 21 40' 10", E 356.95 ' to a fence post, a new corner, thence; S 64 24' 43" E 38.62' to a fence post, a new corner, thence; S 69 04" E 71.95 to a fence post, anew corner, thence; S 55 47' 01" F 55.73 'to a fence post, a new corner, thence; S 47 35' 33" E 40.49' to a rebar (set), a new corner, at the right of way of West Virginia County Route No. 19/15; thence with the right of way of West Virginia County Route No. 19/15; 5 66 01' 00" W 397.09' to the point of beginning, containing 3.831 acres, more or less. Said Parcel "A" being more particularly shown on that certain map entitled "Map Showing the Partition of the Property of Eric O. Wilson and Susan K. Wilson Being Parcels "A" & "B", Containing 5.983 Acres, Located Along WV County Route No. 19/15, at Daniels, Shady Spring District-Raleigh County-West Virginia, Scale: 1"- 50" dated August 21,2001, prepared by Roy Shrewsbury, II, WV PS #676SU, ESI, Inc. 119 Appalachian Drive, Beckley, WV 25801. Said map being attached to and made a part of that certain deed from Susan K. Wilson to Eric O. Wilson, dated August 23, 2001.

And being the same property acquired by Michael B. Cochran and Natalie P. Cochran, by deed dated April 13, 2006, from John W. Holliday and Audrey J. Holliday, recorded in the Office of the Clerk of the County Commission of Raleigh County, West Virginia, in Deed Book 5021, at page 9018.

It should be noted that Michael B. Cochran is now deceased, his Date of Death is February 11, 2019 (the "Real Property"). Notice has been afforded to all parties-in-interest.

7.      First Community Bank, first-priority lien holder against the Debtor's Real Property; has been fully apprised of the Trustee's sale efforts and has cooperated with the Trustee throughout the process. First Community Bank consents and agrees to the sale of the Real Property at the Auction and the procedures described herein.

8.      The United States Attorney's Office, interested; has been fully apprised of the Trustee's sale efforts and has cooperated with the Trustee throughout the process. The United States Attorney's Office consents and agrees to the sale of the Real Property at the Auction and the procedures described herein.

9. The Trustee's Sale Notice provided all interested parties with timely, sufficient, adequate, and proper notice of the Sale in accordance with Sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014. **Section 363(f) is Satisfied.**

10. The Trustee may sell the Real Property free and clear of liens, encumbrances, claims, and other interests ("Adverse Interests") because one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of any Adverse Interests against the Real Property who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Adverse Interests who did object fall within one or more of the subsections of section 363(f) and are adequately protected by having their Adverse Interests, if any, in each instance against the Debtor attach to the net cash proceeds of the Sale ultimately attributable to the Real Property in which such creditor or interest holder alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor or interest holder had prior to the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

### III.   Validity of Transfer

11. The Trustee has full power and authority to consummate the Sale of the Real Property and deliver all documents contemplated thereby, and no further consents or approvals are required of the Trustee, the Winning Bidder, or the Backup Bidder to consummate the Sale of the Real Property.

12. The Real Property constitutes property of the Debtor's estate and title thereto is presently vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code. The transfer of the Real Property to the Winning Bidder, or, if the case may be, the Backup Bidder, will be as of the date of closing a legal, valid, and effective transfer of such assets, and vests or will vest the Winning Bidder, or if the case may be, the Backup Bidder, with all right,

title, and interest of the Debtor to the Real Property free and clear of (a) all liens, (b) all claims, including without limitation, all "claims" within the meaning of sections 101(5) and 102(2) of the Bankruptcy Code and all interests, encumbrances, rights of setoff, netting and deductions, and (c) all liabilities, whether imposed by agreement, understanding, law equity or otherwise and whether known or unknown, fixed or contingent or arising prior to or subsequent to the commencement of the Chapter 11 and subsequent Chapter 7 case.

**IV.    Objections**

13.    No written or oral objections were made to the sale of the real property in the manner and on the terms and conditions proposed by the Trustee.

14.    The Trustee's application to employ Carl Crowder and Crowder Auctions was approved over the objections of the Debtor.

15.    No objections have been made to the sale of the real property on the grounds of fraud, collusion or insufficient value.

**NOW, THEREFORE**, based upon the foregoing findings and based upon the good cause which has otherwise been shown, it is hereby

**ORDERED** that the Motion is **GRANTED**; and it is hereby

**FURTHER ORDERED** that the relief requested in the Motion is granted and approved, and the Sale contemplated thereby is approved as set forth in this Sale Order and it is hereby

**FURTHER ORDERED** that all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits or the interests of such objections have been otherwise satisfied or adequately provided for and it is hereby

**FURTHER ORDERED** that the Trustee is authorized to (a) consummate the Sale of the property located at 433 4-H Lake Drive, Beckley, West Virginia 25801, and having legal description more thoroughly described above to the Winning Bidder, or as the case may be, the Backup Bidder, pursuant to and in accordance with the sale agreement pursuant to § 363 of the Bankruptcy Code, (b) close the Sale as contemplated by this Sale Order, and (c) execute and deliver, perform under, consummate, implement and close fully the sale agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the sale agreement and the Sale, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the sale agreement and such other ancillary documents; and it is hereby

**FURTHER ORDERED** that, pursuant to the provisions of 11 U.S.C. §363(f), the Trustee shall be, and is, authorized to sell the Real Property free and clear of all liens, claims, encumbrances, pledges, security interests, and charges of whatever type of description; and it is hereby,

**FURTHER ORDERED** that pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, the Trustee is authorized to transfer the purchased Real Property on the date of closing. The Real Property shall be transferred to the Winning Bidder, or as the case may be, the Backup Bidder, upon and as of the date of closing and such transfer shall constitute a legal, valid, binding and effective transfer of the Real Property and shall be free and clear of all Adverse Interests. Upon the closing, the Winning Bidder, or as the case may be, the Backup Bidder, shall take title and possession of the Real Property of Adverse Interests; and it is hereby,

**FURTHER ORDERED** that a certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorded to act to cancel any encumbrances of record, and it is hereby;

Case 5:19-bk-50242    Document 169    Filed 10/21/22    Entered 10/21/22 05:51:28    Page Desc Main

**FURTHER ORDERED** that the Sale Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders or mortgages, recorders of deeds, registers of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions of the Sale, and it is hereby;

**FURTHER ORDERED** that all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Real Property to the Winning Bidder, or as the case may be, the Backup Bidder, in accordance with the terms of this Order; and it is hereby,

**FURTHER ORDERED** that the Trustee shall be, and is, authorized to perform his obligations as seller under the provisions of the auction agreement and is further authorized pursuant to the provisions of Rule 6004(f)(2) of the Federal Rules of Bankruptcy Procedure to execute and deliver all documents necessary for the conveyance of the title to the Real Property to the Winning Bidder, or as the case may be, the Backup Bidder; and it is hereby,

**FURTHER ORDERED** that, effective on the closing date of the sale, all persons and entities, to the extent allowed by law, are forever prohibited and enjoined from commencing or continuing in any manner or action or other proceeding, whether in law or in equity, in any judicial, administrative, arbitral, or other proceeding against the Winning Bidder, or as the case may be, the Backup Bidder, their successor and assigns, or the Real Property, based upon or with

respect to any interest, claim, and liability of which the sale of the Real Property is free and clear under the terms of this Order; and it is hereby,

**FURTHER ORDERED** that the Trustee has established sound business justifications in support of the sale; and it is hereby,

**FURTHER ORDERED** that the purchase price, as approved herein, is the highest and best offer for the Real Property obtained at the Auction and constitutes full and adequate consideration and reasonably equivalent value for the Real Property; and it is hereby,

**FURTHER ORDERED** that the transactions contemplated in the Motion, as approved and implemented herein, are in compliance with and satisfy all applicable provisions, including but not limited to 11 U.S.C. §§ 363(b), (f) and (m); and it is hereby,

**FURTHER ORDERED** that the transfer of the Real Property to the Winning Bidder, or as the case may be, the Backup Bidder, represents an arms' length transaction and has been negotiated in good faith between the parties; and it is hereby,

**FURTHER ORDERED** that all valid liens, claims, encumbrances, pledges, security interests, and charges against the Real Property shall attach to the proceeds of the sale of the Real Property and the Trustee shall be, and is, authorized to distribute the proceeds of the sale of the Real Property as follows:

(i) first, an amount sufficient to pay the <u>ad</u> <u>valorem</u> real property taxes constituting a lien on the Real Property and to the extent that taxes have not yet been determined, then the taxes shall be deemed to be the same amount as the preceding tax year and shall be prorated on a calendar year basis between the Trustee and the Purchaser, as of the date of the closing of the sale of the Real Property and the transfer taxes;

(ii) second, an amount equal to reasonable and necessary expenses incurred by the Trustee which are allowable under the provisions of 11 U.S.C. § 506(c), including, but not

limited to, the Trustee and Trustee's attorneys' fees, which amount of Trustee's commission and attorneys' fees shall be held on deposit until further order of this Court;

(iii) third, to pay the balances owed to secured creditors in the order of the priority of their liens; and

(iv) fourth, to hold the remaining proceeds of the sale until further order of the Court; and it is hereby,

**FURTHER ORDERED** that this Order is and will be binding upon and govern the acts of all entities to the extent allowed by law, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the sale; and it is hereby,

**FURTHER ORDERED** that a certified copy of this Order may be filed with the appropriate Clerk and/or recorded with the Recorder to act to cancel the liens and encumbrances of record; and it is hereby,

**FURTHER ORDERED** that the automatic stay provisions of 11 U.S.C. § 362 are vacated and modified to the extent necessary to implement the terms and conditions of this Order; and it is hereby,

**FURTHER ORDERED** that the Court shall, and does, retain jurisdiction over the Real Property for the purposes of enforcing the provisions of this Order and it is hereby,

**FURTHER ORDERED** that, pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order will be effective immediately upon entry.

**Presented and Agreed to by:**

   /s/ Brian R. Blickenstaff
ROBERT L. JOHNS [WVSB No. 5161]
BRIAN R. BLICKENSTAFF [WVSB No. 9449]
**TURNER & JOHNS, PLLC**
808 Greenbrier Street
Charleston, WV  25311
Phone No: (304) 720-2300
Fax No:    (304) 720-2311
E-mail:    bblickenstaff@turnerjohns.com
*Counsel for the Trustee*


**Reviewed and Agreed to by:**


   /s/ Zachary J. Rosencrance (*with Permission*)
JULIA A. CHINCHECK [WVSB #718]
ZACHARY J. ROSENCRANCE [WVSB #13040]
**BOWLES RICE LLP**
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
Phone No:  (304) 347-1100
Fax No:    (304) 343-3058
E-mail:    jchincheck@bowlesrice.com
E-mail:    zrosencrance@bowlesrice.com
*Counsel for First Community Bank*


**Reviewed and Agreed to by:**


   /s/ Kathleen Robeson (*with Permission*)
KATHLEEN ROBESON [VASB NO. 89526]
**UNITED STATES ATTORNEY'S OFFICE**
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Phone No: 304-345-2200
Fax No:   304-347-5104
Email:    Kathleen.robeson@usdoj.gov
*Assistant United States Attorney*